## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | |
|---|---|
| PAMELA TERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | Division: |
| BALL'S FOOD STORES, INC. ) | |
| d/b/a PRICE CHOPPER ) | |
| Serve at: 5300 Speaker Rd. ) | |
| Kansas City, KS 66106 ) | |
| and ) | |
| ) | |
| FOUR B CORP. ) | |
| d/b/a PRICE CHOPPER ) | |
| Serve at: Registered Agent ) | |
| Luder & Weist LLC ) | |
| 7400 W. 132nd St., Suite 110 ) | |
| Overland Park, KS 66213 ) | |
| ) | |
| Defendants. ) | |

### PETITION FOR DAMAGES

COMES NOW Plaintiff Pamela Terrell, by and through her attorneys of record, and for her causes of action against Defendant, alleges and states as follows:

1. Plaintiff Pamela Terrell (hereafter "Plaintiff") is, and at all times relevant herein was, a resident of the State of West Virginia, residing at 556 Panarama Drive, Martinsburg, West Virginia 25403.

2. Defendant Ball's Food Stores, Inc. d/b/a Price Chopper and Defendant Four B Corp. d/b/a Price Chopper (hereafter "Defendants"), are and were at all times mentioned in this petition, organized and existing under the laws of Missouri and operated a Price Chopper Supermarket at 500 N.E. Barry Road, Kansas City, Missouri. Defendants possessed, controlled and were responsible for maintenance of the store.

3. The incident giving rise to this action occurred in Clay County, Missouri, and venue is proper before the Circuit Court of Clay County, Missouri.

4. On or about February 22, 2021, Plaintiff was a business invitee at the Price Chopper (hereinafter "Price Chopper") located at 500 N.E. Barry Road, Kansas City, Missouri.

5. On or about February 22, 2021, a dangerous condition existed on Defendants' premises, namely a carpet at the store's entrance which was not properly placed or secured leaving the edge of the carpet raised from the ground creating a trip hazard.

6. On the aforesaid date, as Plaintiff was entering the outer door of the store, her foot got caught under the aforementioned turned up carpet and she suddenly and without warning fell forward.

7. Defendants knew or by using ordinary care could have known of the above-described dangerous condition.

8. Defendants, as the owner and operator of the food store, were negligent and careless in that they:

    a)    Failed to maintain the area in a reasonably safe condition;

    b)    Failed to warn the Plaintiff of the danger presented by the carpet;

    c)    Failed to use ordinary care to remove the slip, trip and fall hazard which contributed to the danger presented by the carpet;

    d)    Failed to implement a formal policy or procedure of regular inspections, safety tours, or sweeps by employees, servants or agents which would reveal hazards, such as the one encountered by Plaintiff, and would allow Defendants to remove or want of those hazardous conditions prior to customers, including Plaintiff, injuring themselves; and

    e)    Failed to otherwise exercise due care with respect to the matters alleged in this Petition as may be discovered in the future of this litigation.

9. Defendants were responsible for maintaining the carpet where Plaintiff fell in a reasonably safe condition.

10. As a direct and proximate result of the above mentioned deficiencies, Defendants' premises were not reasonably safe causing to Plaintiff to fall and injure herself as more fully set forth below.

11. As a direct and proximate result of the negligent acts and omissions on the part of Defendants, Plaintiff has suffered, and will continue to suffer in the future, personal injuries and damages including, but not limited to, traumatic tear of right rotator cuff, right circumferential labrum tear, right rim rent supraspinatus tear, rear of glenoid labrum of right shoulder, dislocation of right shoulder joint, contusion of right shoulder, contusion of right wrist, neck pain, pain in right shoulder, low back pain, midline low back pain, trigger point with back pain, neuropathy, decreased range of motion of right shoulder, strain of muscle, fascia, and tendon at right shoulder and upper arm level, strain of muscle, fascia, and tendon at right wrist and hand level, sprain of ligament of right ankle, myofascial pain; Plaintiff has suffered and will in the future suffer great bodily pain, shock loss of sleep, rest, mental worry, embarrassment, anguish and nervousness; Plaintiff has incurred hospital and medical expenses, and Plaintiff will in the future incur additional expenses for treatment and care of her injuries; she has missed work with resulting lost income and her ability to work and labor has been impaired; her ability to pursue and enjoy the normal pursuits of life has been impaired and will continue to be in the future.

WHEREFORE Plaintiff Pamela Terrell prays judgment against Defendants in an amount that will fairly and reasonably compensate plaintiff for her damages, for her costs incurred herein, and for such further relief as the Court deems just and proper under the circumstances of this case.

        KANSAS CITY ACCIDENT INJURY ATTORNEYS

/s/ *John K. Thomas*
James M. Roswold, MO Bar No. 41053
John K. Thomas, MO Bar No. 26615
Phillip B. Grubaugh, MO Bar No. 24919
510 Walnut Street, Suite 100
Kansas City, Missouri 64106
(816) 471-5111
Fax: (816) 359-3163
*john@kcaccidentattorneys.com*
*james@kcaccidentattorneys.com*
*phillip@kcaccidentattorneys.com*
ATTORNEYS FOR PLAINTIFF

## **DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff and demands a jury trial in the above-entitled action.

        */s/ John K. Thomas*
        ATTORNEY FOR PLAINTIFF